**FILED**
**Oct 17, 2025**
**08:28 AM(ET)**
**TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS**



**TENNESSE BUREAU OF WORKERS' COMPENSATION
IN THE COURT OF WORKERS' COMPENSATION CLAIMS
AT MURFREESBORO**

| | | |
|---|---|---|
| **WAYNE FREEMAN,** | ) | **Docket No. 2024-50-8550** |
| **Employee,** | ) | |
| **v.** | ) | |
| **UNITED ROAD SERVICES, INC.,** | ) | **State File No. 31297-2024** |
| **Employer,** | ) | |
| **And** | ) | |
| **ACE AMERICAN INSURANCE CO.,** | ) | **Judge Thomas Wyatt** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING MEDICAL BENEFITS

---

At an October 8, 2025 expedited hearing, Wayne Freeman sought treatment for a torn right-rotator cuff. United Road Services argued that he is not entitled to the requested benefits because he failed to give timely notice. For the reasons below, the Court denies Mr. Freeman's request.

### Claim History

Mr. Freeman worked as a car hauler for United. This case involves an alleged right-rotator-cuff injury that Mr. Freeman contends arose in the context of a 2022 compensable injury to his left shoulder

Dr. Scott Arthur provided authorized conservative care of Mr. Freeman's left shoulder for more than a year. Mr. Freeman continued to work at United during this time. His work included the repetitive use of his arms to operate a tie-down bar that extended and shortened "flips" to change the size of the deck of his car trailer. Dr. Arthur eventually diagnosed a tear in Mr. Freeman's left shoulder that required surgery in April 2024.

During the hearing, Mr. Freeman testified that his ongoing left-shoulder pain caused him to overuse his right arm and as a result he developed right upper-arm pain. He wrote in a sworn statement that, at the time of his left-shoulder surgery, his right arm hurt almost as badly as his left. He added, "the last straw [on my right arm] was when I had to close

1

the rear flips so that I could legally drive the truck back to the terminal in Smyrna[.]"  He stated that his right arm "hurt like crazy" after this incident, which occurred while he was unloading cars in Kingsport Tennessee on April 6, 2024, the last day he worked before his left-shoulder surgery.

Mr. Freeman introduced two sworn declarations on the notice issue.  In the first, he wrote, "I did not report [the right-shoulder pain] because I thought the pain would go away after a long rest [following left-shoulder surgery]."  In the second, he stated that Dr. Arthur prescribed pain medications after the left-shoulder surgery "that incapacitated me for weeks and I did not know that [my right arm] was injured until my friend asked me why . . . I could not raise my [right] arm high enough to get something off the shelf."

At the hearing, Mr. Freeman added to his narrative about giving notice.  He testified that, either a few days before or a few days after his left-shoulder surgery, he told Greg Snead, the handling adjuster, that United would have to pay for his right-arm surgery.  Mr. Snead filed a sworn statement that neither confirmed nor denied Mr. Freeman's testimony.  However, Mr. Snead stated the carrier received notice of Mr. Freeman's alleged right-arm injury on May 3, instead of in early to mid-April as claimed by Mr. Freeman.

Steve Tinto, United's workers' compensation claim manager, testified that he received a May 1, 2024 email from Mr. Freeman reporting that, on the last day he worked before his left-shoulder surgery, he injured his right arm while lifting and folding the rear upper deck flips of his truck.  Mr. Tinto stated that United's terminal manager received an email from Mr. Freeman on May 2 reporting the same information.[1]

United denied the claim for lack of timely notice.

Mr. Freeman then sought treatment on his own at Tennessee Orthopedic Alliance. He reported a history of ongoing right-shoulder pain for "two or three years" and working as a car hauler for 20 years with "a lot of overhead repetitive motion."  He denied knowing of any specific injury.

### Findings of Fact and Conclusions of Law

To recover in this expedited hearing, Mr. Freeman must establish that he is likely to prevail at trial in showing that he timely provided notice.  Tenn. Code Ann. §§ 50-6-201, 50-6-239(d)(1) (2024).

Section 50-6-201(a) requires an employee to give the employer written notice of a work injury within 15 days after an injury by accident unless reasonable excuse for failing

---

[1] Mr. Freeman did not object to the admission into evidence of copies of the referenced emails, which were made exhibits to Mr. Tinto's sworn statement.

to do so is shown. If an employee suffers a gradual or cumulative injury, subsection 201(b) delays the duty to give notice until (1) the employee knows or reasonably should know that he has suffered a work-related injury resulting in permanent physical impairment or (2) the employee becomes unable to perform his regular duties due to a gradual or cumulative injury that he knows or should know is work-related.

The Court first addresses whether Mr. Freeman's right-rotator-cuff injury is related to gradual or cumulative trauma. Mr. Freeman testified that the "last straw" in his right-arm pain occurred on a specific date—April 6, 2024—and while he performed a specific activity—using his right arm to operate the tie-down bar while unloading cars. Mr. Freeman said his right-arm "hurt like crazy" after that specific incident. Based on this evidence, the Court holds that Mr. Freeman will not prevail at trial in showing that his right-arm injury is gradual or cumulative.

Turning to whether Mr. Freeman gave United timely notice of his accidental right-rotator-cuff injury, the Appeals Board in *Ernstes v. Printpack, Inc.,* 2023 TN Wrk. Comp. App. Bd. LEXIS 25, at *8-10 (June 6, 2023), sets forth the factors to consider: 1) Did the employee provide timely written notice? 2) If not, did the employer have actual notice of the employee's injury? 3) Did the employee give a reasonable excuse for failing to provide written notice? The Appeals Board concluded in *Ernstes* that, if the answers to the above factors are "no," the court should deny the claim.

Here, Mr. Freeman gave written notice to United 25 days after he became aware that his right arm "hurt like crazy" after he used it to operate the tie-down bar while unloading cars. Thus, he did not provide written notice within 15 days of the date of injury as required by statute.

Moving to the second factor, no evidence exists that United had actual notice of Mr. Freeman's alleged injury. Mr. Freeman's statement that he told the adjuster a few days before or after his left-shoulder surgery that United would have to pay for surgery on his right arm is not credible. Before he gave that testimony, he filed a sworn statement that he did not give anyone notice of his right-arm pain when it arose because he thought it would go away.

Finally, the Court considers whether Mr. Freeman had a reasonable excuse for failing to give United timely written notice of his right-rotator-cuff injury. Mr. Freeman's argument that his use of post-surgical medication reasonably excused his lack of timely notice is not credible. He hurt his right arm three days before he underwent surgery and could have given notice then. Also, he offered no evidence identifying the medication or establishing medically that it impaired his ability to communicate notice of his injury.

Finally, Mr. Freeman's assertion that he thought his right-arm pain would go away while he recuperated from left-shoulder surgery is not a reasonable excuse. Mr. Freeman

3

knew his arm "hurt like crazy" after using the tie bar while unloading at United's customer, and at that point, he had a duty under the law to report the injury within 15 days. He did not do so. After considering this evidence and *Ernstes*, the Court holds that Mr. Freeman is not likely to prevail at trial in establishing a reasonable excuse for failing to give timely written notice.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Mr. Freeman's request for treatment of his right-rotator-cuff tear.

2. The parties shall appear for a status hearing on **February 13, 2026, at 9:00 a.m. Central Time/10:00 a.m. Eastern Time.** They must call (615) 741-3061 or (855) 747-1721 to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED October 17, 2025.**


_____
*Thomas Wyatt*
**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:

1. June 30, 2025 sworn declaration of Wayne Freeman
2. Sworn declaration of Gregory Snead, with First Report of Injury and Notice of Denial
3. Affidavit of Steve Tinto, with copies of emails from Wayne Freeman
4. Tennessee Orthopedic Alliance records
5. Requests for Admission
6. Interrogatories, Requests for Production of Documents, and Requests for Admissions
7. United Health Care letter
8. April 17, 2025 sworn declaration of Wayne Freeman

**CERTIFICATE OF SERVICE**

I certify that a copy of the Order was sent as indicated on October 17, 2025.

| Name | U.S. Mail | Email | Service sent to: |
|---|---|---|---|
| Wayne Freemen, Employee | X | X | freemanwayne@gmail.com<br>373 Corbin Street<br>Summertown, TN 38483 |
| Heather Douglas, Jenna Macnair, Employer's Attorneys | | X | hdouglas@manierherod.com<br>jmacnair@manierherod.com<br>ecollins@manierherod.com |

_____

**Penny Shrum, Court Clerk**
Wc.courtclerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____  ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*